UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA VALDEZ, on behalf of herself, individually, and on behalf of all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | Docket No.: 20-cv-2570 |
| -against- | |
| MICHPAT & FAM, LLC, d/b/a DAIRY QUEEN GRILL & CHILL RESTAURANT, and PATRICIA NAPPO, a/k/a PATRICIA DEMINT, individually, | Jury Trial Demanded |
| Defendants. | |

Plaintiff, JESSICA VALDEZ, on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against MICHPAT & FAM, LLC, d/b/a Dairy Queen Grill & Chill Restaurant ("Dairy Queen"), and Patricia Nappo, a/k/a Patricia DeMint, individually, ("DeMint," and together with Dairy Queen, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.      This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iv) the minimum wage provisions of the NYLL, NYLL § 652(1), NYCRR § 146-1.2; (v) the NYLL's requirement that

employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (vi) the NYLL's requirement that employers pay their manual worker employees not less frequently than on a weekly basis, NYLL § 191(1)(a); (vii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (viii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a Suffolk County-based Dairy Queen franchise and its managing member / general manager- - as an hourly manual worker and then as a "manager" from approximately late-December 2017 until on or around October 25, 2019, whom Defendants always paid on an hourly basis.  Throughout times during Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL.  Specifically, at times throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours in a week, yet Defendants failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times her regular rate of pay, or one and one-half times the minimum wage, whichever is greater, for all hours in excess of forty in a week.  Instead, whenever Plaintiff worked over forty hours in a week, both before and after she became a manager, Defendants paid Plaintiff at her straight-time hourly rate of pay for her first forty hours only, and then paid her for any additional hours beyond forty at her straight-time rate by attributing those hours do a different week of work when she worked *fewer* than forty hours, thereby avoiding paying her overtime premium pay and often delaying

payment of those wages.

3.      Additionally, Defendants violated the FLSA and the NYLL by failing to pay Plaintiff at a rate that was at least equal to the statutorily-required minimum wage for all hours worked from April 2019 through September 2019, and instead randomly chose when and how much to pay Plaintiff during this period, at amounts that totaled less than the minimum wage for all hours worked.

4.      Defendants further violated the NYLL and the NYCRR by failing to: provide Plaintiff with spread-of-hours pay whenever her workday exceeded ten hours from start to finish; pay Plaintiff, a manual worker, at least as frequently as on a weekly basis; provide Plaintiff with accurate wage statements on each payday; and provide Plaintiff with any wage notice at the time of hire, let alone an accurate one.

5.      With the exception of Plaintiff's minimum wage claims, Defendants paid and treated all of their hourly manual workers in the same manner.

6.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.  Plaintiff brings her claims under New York law on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result

of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

8.    Plaintiff brings her minimum wage claims under the FLSA and the NYLL on behalf of herself only.

## JURISDICTION AND VENUE

9.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

11.    At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12.    At all relevant times herein, Defendant Dairy Queen was and is a New York limited liability company with its principal place of business located at 2846 Route 112, Medford, New York 11763.

13.    At all relevant times herein, Defendant DeMint was and is the managing member and general manager of Defendant Dairy Queen, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of Defendant Dairy Queen and was and is ultimately responsible for all matters with respect to determining  employees' rates and methods of pay and hours worked.

14.    At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, Defendant Dairy Queen's qualifying annual business exceeded and exceeds $500,000.00, and Defendant Dairy Queen was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees, receives and utilizes products and equipment from out of state companies, accepted payments in cash that naturally moved across state lines, accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, and pays franchise fees to Dairy Queen's Corporate office, which is located in the state of Minnesota, the combination of which subjects Defendant Dairy Queen to the FLSA's overtime and minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees who during the applicable FLSA limitations period performed any work for Defendants, who were paid on an hourly basis as manual workers, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17.    At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

18.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation at the statutorily-required rate for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR.

20.    Under FRCP 23(b)(3), a plaintiff must plead that:

    a.    The class is so numerous that joinder is impracticable;

    b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.    Claims or defenses of the representative are typical of the class;

    d.    The representative will fairly and adequately protect the class; and

    e.    A class action is superior to other methods of adjudication.

21.    Plaintiff seeks certification of the following FRCP 23 class:

Current and former employees who during the applicable NYLL limitations period performed any work for Defendants in New York, and who were paid on an hourly basis as manual workers ("Rule 23 Plaintiffs").

<u>Numerosity</u>

22.     During the previous six years Defendants have employed, in total, at least forty employees who are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

23.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendants failed to pay the Rule 23 Plaintiffs spread-of-hours pay when their workdays exceeded ten hours; (6) the frequency with which Defendants paid the Rule 23 Plaintiffs, specifically whether Defendants paid them all of their wages at least as frequently as on a weekly basis; (7) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (8) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (9) whether Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

Case 2:20-cv-02570-AMD-SIL    Document 1    Filed 06/09/20    Page 8 of 22 PageID #: 8

Typicality of Claims and/or Defenses

24.    As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as hourly manual workers, and Defendants did not: properly pay them overtime at a rate of one and one-half their regular rate of pay for all hours worked in a week over forty; and/or pay them spread-of-hours pay when their workday exceeded ten hours; and/or pay them all of their wages at least as frequently as on a weekly basis; and/or provide them with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages at the statutorily-required rate of time and one-half their regular rates of pay for all hours worked each week over forty, to receive spread-of-hours premium pay when working over ten hours, to be paid all of their wages at least on a weekly basis, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of accurate and timely compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

#### Adequacy

25.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants.  Defendants did not pay Plaintiff overtime at a rate of time and one-half her regular rate of pay for all of her hours worked over forty in a week, did not pay Plaintiff spread-of-hours pay when her workday exceeded ten hours from start to finish, did not pay her all of her wages on a weekly basis, and did not furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

#### Superiority

27.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.     Any lawsuit brought by any of Defendants' hourly manual workers would be identical to a suit brought by any other similar employee for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

29.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30.     Defendant Dairy Queen is a Suffolk County-based limited liability company that operates a fast food Dairy Queen franchise restaurant located at 2846 Route 112, Medford, New York 11763.

31.     Defendant DeMint was and is Defendant Dairy Queen's managing member and day-to-day general manager, who oversaw and oversees the daily operation of this Dairy Queen franchise and who controls the terms and conditions of employment for all of Dairy Queen's employees, in that she had the power to hire and fire all employees, supervise and control employee work schedules, determine the rate and method of wages paid to all employees, and was and is responsible for maintaining employment records.  To that end, Defendant DeMint personally set Plaintiff's rate of pay and weekly schedule, and both hired and fired Plaintiff.

32.     Defendants hired Plaintiff in or around late-December 2017 to work at their Dairy Queen franchise restaurant in Medford, New York, where Plaintiff performed manual work as a grill-line worker for hourly pay until approximately mid-May 2018, when Defendants promoted her to "manager," but continued to pay Plaintiff as an hourly employee.

33.     As a grill-line worker, Plaintiff's primary job duties consisted of preparing food for the Defendants' restaurant customers.

34.     As a "manager," Plaintiff continued to perform her duties as a manual grill-line worker, and also ran the ice cream section, prepared the work schedules, ordered supplies, cleaned the restaurant and equipment, ensured the food was cooked at the right temperature and that the staff wore proper equipment, and hired and fired staff.

35.     Significantly, regardless of whether Plaintiff worked as a grill-line worker or a manager, more than 25% of Plaintiff's work, and indeed virtually 100% of her work, was spent completing manually laborious tasks, such as, e.g., cooking, cleaning, serving food, checking food temperatures, and handling store equipment orders as they arrived.

36.     Defendants paid Plaintiff on a bi-weekly basis.

37.     Throughout Plaintiff's employment, Defendants required Plaintiff to work different schedules for five to six days each week, typically for a range of between thirty-two and forty-five hours each week.

38.      Throughout Plaintiff's employment, Defendants paid Plaintiff at the following rates of pay for all hours worked, including those hours beyond forty each week:

    a.  December 2017, $11.50 per hour;

    b.  January 2018 through July 2018, $12.50 per hour;

    c.  August 2018 through September 2019, $14.00 per hour; and

    d.  October 2019, $16.00 per hour.

39.     If Plaintiff worked beyond forty hours in a week, Defendants would modify Plaintiff's time records to reflect that Plaintiff only worked up to forty hours in that week, and then shifted the excess hours to a subsequent week where Plaintiff worked fewer than forty hours. When this occurred, Defendants only paid Plaintiff at her straight-time rate of pay for Plaintiff's overtime hours worked in the prior week.  Thus, throughout the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff at the rate of one and one-half times her regular rate of pay for any hours that Plaintiff worked in a week in excess of forty.

40.    By way of example only, during the week of September 29 through October 5, 2019, Defendants required Plaintiff to work, and Plaintiff did work, a total of forty-five hours according to the following schedule:

Sunday, September 29, 2019: 2:00 p.m. to 12:00 a.m. with a thirty-minute break;

Monday, September 30, 2019: Off;

Tuesday, October 1, 2019: Off;

Wednesday, October 2, 2019: 3:00 p.m. to 12:00 a.m. with a thirty-minute break;

Thursday, October 3, 2019: 3:00 p.m. to 12:00 a.m. with a thirty-minute break;

Friday, October 4, 2019: 3:00 p.m. to 12:00 a.m. with a thirty-minute break; and

Saturday, October 5, 2019: 1:30 p.m. to 12:00 a.m. with a thirty-minute break.

In exchange for her work this week, Defendants paid Plaintiff for forty hours at her regular rate of $14.00 per hour, and paid Plaintiff for the five hours that she worked in excess of forty for this week by attributing those hours to the previous week when she worked 34.33 hours - - which was during the same bi-weekly pay period - - and paid Plaintiff at her straight-time rate of pay for those hours.

41.    In addition, from April 2019 through September 2019, Defendants withheld Plaintiff's paychecks and randomly chose when to pay Plaintiff.  Specifically, Defendants regularly deposited Plaintiff's paychecks into a separate bank account held by Defendant DeMint, who then, from time-to-time and at her whim, deposit some money into Plaintiff's bank account. For instance, for her paycheck dated April 26, 2019, Plaintiff's after-tax earnings for the two-week pay period from April 7 through April 20, 2019 totaled $713.92 for 63.92 hours of work reported this pay period.  Yet over the course of the following two weeks, Defendant DeMint paid Plaintiff for the April 7 through April 20, 2019 workweeks by making the following deposits into Plaintiff's

account: April 26, 2019, $75.00; May 3, 2019, 25.00; May 8, 2019, 40.00; and May 9, 2019, $50.00. Thus, Defendant DeMint paid Plaintiff a total of only $190.00 from her paycheck of April 26, 2019, meaning that Defendants paid Plaintiff merely $2.97 per hour of work for these weeks, which is below the FLSA's and the NYLL's minimum wage rate.

42.    Further, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish at many times during her employment, including one day during the week of September 29 through October 5, 2019, as described in the paragraph above, yet for those days Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate.

43.    On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked, actual overtime rate and overtime wages owed, and spread-of-hours pay owed for that week.

44.    Additionally, Defendants did not provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*: Plaintiff's rate or rates of pay and basis thereof; whether she would be paid by the hour, salary, or in another manner; allowances, if any, claimed as part of the minimum wage, including tip or meal allowances; the regular payday designated by Defendants in accordance with the NYLL; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

45.    Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46.    Defendants acted in this manner to maximize their profits and minimize their labor costs.

47.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

48.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

50.    As described above, Defendants are an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

52.    Defendants willfully violated the FLSA.

53.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

54.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

55.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.    NYLL § 160 and 12 NYCRR § 146-1.6 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, when greater, for all hours worked exceeding forty in a workweek.

57.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

58.    As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

59.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

60.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the FLSA*

61.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

63.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

64.     As also described above, Defendants did not compensate Plaintiff at the minimum hourly rate required by the FLSA for all hours worked.

65.     Defendants willfully violated the FLSA.

66.     At the least, Plaintiff is entitled to the minimum rate of pay required by the FLSA for all hours worked.

67.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the NYLL and the NYCCRR*

68.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

70.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

71.     As also described above, Defendants did not compensate Plaintiff at the minimum hourly rate required by the NYLL and NYCRR for all hours worked.

72.     At the least, Plaintiff is entitled to the minimum rate of pay required by the NYLL and NYCRR for all hours worked.

73.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

74.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     NYLL § 652(1) and 12 NYCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

76.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

77.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

78.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay, in the amount of one hour's pay at the then-applicable minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

79.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay All Wages on a Timely Basis in Violation of the NYLL*

80.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81.    NYLL § 191(1)(a) requires that employers pay their manual worker employees their wages on at least as frequently as a weekly basis.

82.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are manual worker employees within the meaning of the NYLL.

83.    As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action all wages earned on at least as frequently as a weekly basis.

84.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all wages to manual workers on at least as frequently as a weekly basis.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

85.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

87.    As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with wage statements that accurately contained the criteria required under the NYLL.

88.    Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

89.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

90.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

92.     As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

93.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

94.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.      Designation of Plaintiff and her counsel as collective and class action representatives under the FLSA and the FRCP;

i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and

further relief as this Court finds necessary and proper.

Dated: New York, New York
       June 9, 2020

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By: _____
    MICHAEL R. MINKOFF (MM 4787)
    ALEXANDER T. COLEMAN (AC 8151)
    MICHAEL J. BORRELLI (MB 8533)