UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JESSICA VALDEZ, *individually and on behalf of all others similarly situated,*

                                    Plaintiffs,

          -against-

MICHPAT & FAM, LLC, *doing business as* DAIRY QUEEN GRILL & CHILL RESTAURANT and PATRICIA NAPPO, *also known as* PATRICIA DEMINT,

                                    Defendants.
-------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
20-cv-2570 (AMD)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this wage and hour action, on referral from the Honorable Anne M. Donnelly for report and recommendation, is Plaintiff Jessica Valdez's ("Valdez" or the "Named Plaintiff") Motion for Conditional and Class Certification, Disclosure of Contact Information, Leave to Distribute Notice, and Equitable Tolling Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3) ("Plaintiff's Motion" or "Pl. Mot."). *See* Docket Entry ("DE") [30]. By way of Complaint dated June 9, 2020, the Named Plaintiff commenced this action against Defendants Michpat & Fam, LLC ("Michpat") and Patricia Demint ("Demint," together with Michpat, "Defendants"), alleging: (1) violations of the FLSA, 29 U.S.C. § 201 *et seq.* and sections 160, 191, and 195 of New York Labor Law ("NYLL") concerning overtime pay, timing of pay, spread of hours pay, and notice requirements, on behalf of herself and all others similarly situated; and (2) violations of the FLSA's and NYLL's

1

minimum wage provisions, on  behalf of herself only.  *See* Complaint ("Compl."), DE [1].  Defendants deny all of Valdez's material allegations.  *See generally* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion ("Def. Opp."), DE [34].

Through Plaintiff's Motion, Valdez seeks:  (1) conditional certification of her FLSA collective overtime claims for a class defined as:  "[c]urrent and former employees, who from the opening of Defendants' Dairy Queen restaurant on December 1, 2017, until March 1, 2020, performed any work for Defendants and who were paid on an hourly basis as 'crew' members, and/or assistant managers, and/or managers, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them"; and (2) certification of her NYLL claims for a class defined as:  "[c]urrent and former employees, who from the opening of Defendants' Dairy Queen restaurant until March 1, 2020, performed any work for Defendants in New York as 'crew' members, and/or assistant managers, and/or managers, and who were paid on an hourly, bi-weekly basis."  *See generally* Plaintiff's Memorandum of Law in Support of Motion for Conditional and Class Certification, Disclosure of Contact Information, Leave to Distribute Notice, and Equitable Tolling Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(b)(3) ("Pl. Mem."), DE [31]; Declaration of Michael R. Minkoff, Esq. in Support of Plaintiff Jessica Valdez's Motion for Conditional and Class Certification, Disclosure of Contact Information, Leave to Distribute Notice, and Equitable Tolling Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(b)(3) ("Minkoff Decl."), DE [32]; Plaintiff Jessica Valdez's Declaration in Support of Plaintiff's Motion for Conditional

and Class Certification, Disclosure of Contact Information, Leave to Distribute Notice, and Equitable Tolling Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(b)(3) ("Valdez Decl."), DE [33].

For the reasons set forth herein, the Court respectfully recommends that the Named Plaintiff's motion be granted in part and denied in part, as follows:  (1) this matter should be conditionally certified as a FLSA collective action for a class defined as all current and former employees, who from April 23, 2018 to April 23, 2021, performed any work for Defendants and who were paid on an hourly basis as 'crew' members, assistant managers, or managers, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages; (2) a three-year statute of limitations should be applied to the FLSA claims, and should be tolled from the date the Named Plaintiff filed Plaintiff's Motion until the date of the adoption or modification of this Report and Recommendation; (3) this matter should be certified as a NYLL Rule 23 class action for a class defined as all current and former employees, who from the opening of Defendants' Dairy Queen restaurant until March 1, 2020, performed any work for Defendants in New York as 'crew' members, assistant managers, or managers, and who were paid on an hourly, bi-weekly basis; (4) a six-year statute of limitations should be applied to the NYLL causes of action, and should be tolled from the date the Named Plaintiff filed the Complaint until the date of the adoption or modification of this Report and Recommendation; (5) the Named Plaintiff should revise her proposed notice consistent with Judge Donnelly's adoption or modification of this Report and Recommendation; (6) the Named Plaintiff should be

permitted to send the notice to potential FLSA collective and NYLL Rule 23 class members via first-class mail, email, and text message, as well as to post it at Michpat's Medford, New York Dairy Queen location and send a reminder notice; and (7) Defendants should be directed to provide the Named Plaintiff with a computer-readable data file containing the names, addresses, telephone numbers, email addresses, work locations, and dates of employment of all crew members, assistant managers, and managers employed by Defendants as hourly, non-exempt, overtime-eligible employees at any point between December 1, 2017 and March 1, 2020.

## I.    BACKGROUND

### A. <u>The Parties</u>

Unless otherwise indicated, the facts set forth herein are taken from the Complaint, as well as the Named Plaintiff's declaration submitted in support of her motion for both FLSA conditional certification and Rule 23 class certification, and are accepted as true for purposes of the instant motion. *See generally* Compl.; Valdez Decl.[1]

Defendant Demint is a New York resident who is the managing member and general manager of Defendant Michpat, a New York limited liability company that operates a Dairy Queen fast-food establishment located at 2846 Route 112, Medford, New York 11763, that opened on December 1, 2017. *See* Compl. ¶¶ 12-14.  Demint

---

[1] The first and third causes of action, arising under the FLSA, are brought by the Named Plaintiff on behalf of herself and similarly situated persons who were employed by Defendants since the date three years prior to the filing of the Complaint (the "FLSA Collective Plaintiffs"). The second, and fourth through eighth causes of action, arising under the NYLL, are brought by Valdez as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of herself and all other similarly situated individuals who were employed by Defendants in the State of New York since the date six years prior to the filing of the Complaint (the "Rule 23 Plaintiffs").

was responsible for day-to-day management of the Dairy Queen, including hiring and firing all employees, supervising and controlling employee work schedules, determining the rate and method of wages paid to all employees, and was and is responsible for maintaining the employment records at issue. *Id.* at ¶ 31. Valdez, also a New York resident, worked for Defendants as a grill-line worker from approximately late-December 2017 until mid-May 2018, and then as a "manager" until she was terminated by Demint on October 25, 2019. *Id.* at ¶¶ 2, 32. Demint personally set the Named Plaintiff's pay rate and weekly schedule, and both hired and fired her. *Id.* at ¶ 31. At all times throughout her employment, Valdez was paid hourly and on a bi-weekly basis. *Id.* at ¶¶ 31, 35. The Named Plaintiff was required to work five to six days each week, typically ranging from 32 to 45 working hours. *Id.* at ¶ 37.

## B. **The Named Plaintiff's Allegations**

Valdez initially alleges that her primary duties as a grill-line worker consisted of preparing food for the Defendants' restaurant customers," and that, as a manager, she "continued to perform her duties as a manual grill-line worker, and also ran the ice cream section, prepared the work schedules, ordered supplies, cleaned the restaurant and equipment, ensured the food was cooked at the right temperature and that the staff wore proper equipment, and hired and fired staff." *Id.* at ¶¶ 33-34. Moreover, "regardless of whether [the Named Plaintiff] worked as a grill-line worker or a manager, more than 25% of [her] work, and indeed virtually 100% of her work, was spent completing manually laborious tasks" such as "cooking, cleaning, serving

food, checking food temperatures, and handling store equipment orders as they arrived." *Id.* at ¶ 35.

The Complaint further asserts that Defendants paid Valdez at a rate of $11.50 per hour in December 2017, $12.50 per hour from January 2018 to July 2018, $14.00 per hour from August 2018 to September 2019, and $16.00 per hour in October 2019. *Id.* at ¶ 38. The Named Plaintiff was allegedly not compensated at a rate of one and one-half times her regular rate of pay for any hours she worked in a week above 40. *Id.* at ¶ 39. In fact, the Complaint asserts that if Valdez worked more than 40 hours per week, Demint would modify her time records to reflect that the Named Plaintiff had only worked up to 40 hours for that week and would shift the hours in excess of forty to another week where Valdez had worked fewer than 40 hours. *Id.* Effectively, the Named Plaintiff was compensated at her straight-time pay rate for all hours she worked above 40 in a week. *Id.*

Additionally, from April to September 2019, Defendants allegedly withheld Valdez's paychecks and, at their discretion, would deposit these paychecks into a bank account held by Demint who would then deposit money into the Named Plaintiff's account at her discretion. *Id.* at ¶ 41. Valdez further alleges that Defendants required her to work shifts exceeding ten hours from start to finish without paying an additional hour's pay at the applicable minimum wage rate, and that she was not provided a wage notice at the time of her hire, nor was she provided a wage statement for any pay period that listed her hours worked, rates of pay, and spread-of-hours pay owed for that week. *Id.* at ¶¶ 42-44.

Through her Declaration, the Named Plaintiff repeats many of the same facts alleged in the Complaint regarding her own employment, and also identifies 20 employees who worked for Defendants and whose time records were purportedly changed by Demint without the employees' knowledge, resulting in their not receiving overtime pay at a rate of time-and-a-half their hourly rates. *See* Valdez Decl. ¶ 10. Valdez bases these allegations on her personal knowledge of Demint's actions, and the fact that, as a manager, Demint directed her to delete or alter times worked. *See id.* at ¶ 9. The Named Plaintiff further alleges, based on her interactions with Demint and other former employees of Defendants, that Demint used employees' unique punch-codes to alter times in which the employees punched in and out. *Id.* at ¶¶ 12-13. By manually using these punch-codes on the same days the respective employees worked, Demint was able to change the employees' times without raising suspicion that their times had been altered. *Id.*

Moreover, according to multiple witnesses, Defendants automatically deducted a fixed amount of time from employees' daily work hours for meals, regardless of the actual length of any breaks, which also resulted in underpayment of wages where employees' meal breaks were shorter than the amount of time deducted. *See* Transcript of January 13, 2021 Deposition of Jessica Valdez ("Valdez Dep."), DE [32-6], at 38:11-39:4; Transcript of February 23, 2021 Deposition of Defendant Michpat's Fed. R. Civ. P. 30(b)(6) Representative, Michelle Robey ("30(b)(6) Dep."), DE [32-5], at 121:19-123:4.

7

## C. **FLSA Collective Plaintiffs' Allegations**

The Named Plaintiff defines the FLSA Collective class as: "[c]urrent and former employees, who from the opening of Defendants' Dairy Queen restaurant on December 1, 2017 until March 1, 2020, performed any work for Defendants and who were paid on an hourly basis as 'crew' members, and/or assistant managers, and/or managers, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them." Pl. Mem. at 1. The duties that the FLSA Collective Plaintiffs performed were not exempt from the FLSA minimum wage and overtime requirements. *See* Compl. ¶¶ 2, 15, 18. This group alleges that they were "victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation at the statutorily-required rate for all hours worked per workweek above forty, in violation of the FLSA." *Id.* at ¶¶ 15-18. At all relevant points, the FLSA Collective Plaintiffs allege, Defendants were "aware of the requirement to pay [Valdez] and all FLSA [Collective] Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so." *Id.* at ¶ 17. Moreover, the Named Plaintiff alleges that Defendants treated her and the FLSA Collective Plaintiffs similarly, in that they: (1) performed similar tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of 40 hours in a workweek; and (5) were

not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of 40. *See id.* at ¶ 16.

### D. New York Rule 23 Class's Allegations

The New York Rule 23 Class includes Valdez and at least 40 similarly situated non-exempt hourly employees who were employed by Defendants in New York since the date six years prior to the filing of the Complaint, and who had the same or substantially similar basic job duties as the Named Plaintiff. *See id.* ¶¶ 22, 24-25.[2] Members of this class were paid in the same manner and pursuant to the same common policies, plans and practices as Valdez. *See id.* at ¶¶ 23-24. The Named Plaintiff and the purported New York Rule 23 Class allege that Defendants willfully failed to pay them overtime and spread of hours wages, as well as to provide proper and accurate payroll notices and wage statements, in violation of the NYLL. *See id.* ¶¶ 1-2, 23-24. The duties that the New York Rule 23 class performed were not exempt from the NYLL minimum wage and overtime requirements. *See id.* ¶¶ 2, 23-25.

### E. Procedural History

Based on the above, Valdez commenced this action against Defendants on May June 9, 2020, seeking to recover damages for, among other things, Defendants' alleged failure to pay overtime and spread of hours wages, and to provide mandated wage notices and wage statements. *See* Compl. The Complaint asserts six causes of action, brought on behalf of the Named Plaintiff and those similarly situated, for: (1) failure to pay overtime wages in violation of the FLSA; (2) failure to pay overtime

---

[2] The statute of limitations under the NYLL is six years. *See* N.Y. Lab Law §§ 198(3), 663(3).

wages in violation of the NYLL; (3) failure to adhere to the spread of hours requirement, in violation of the NYLL; (4) failure to timely pay wages in violation of the NYLL; (5) failure to provide wage statements as required by the NYLL; and (6) failure to provide wage notices as required by the NYLL, and two causes of action, brought by Valdez individually for failure to pay the minimum wage in violation of the FLSA and NYLL, respectively. *See generally* Compl. Plaintiff consented to become a party in a collective action that same day. *See id*. Defendants filed their Answer on August 7, 2020. *See* DE [15]. The parties appeared before Magistrate Judge A. Kathleen Tomlinson[3] for an Initial Conference on September 9, 2020, at which time she directed Defendants to file an Amended Answer. *See* DE [20]. Defendants filed their Amended Answer on September 22, 2020. *See* DE [22].

A Discovery Status Conference was held January 27, 2021, and the Court set a briefing schedule for Plaintiff's motion for collective action certification. *See* DE [26]. On April 23, 2021, Plaintiff filed the instant motion for conditional certification of an FLSA collective action and certification of a Rule 23 class, *see* Pl. Mot., which Defendants oppose. *See generally* Def. Opp. In support of Plaintiff's Motion, Valdez relies on her own Declaration. *See generally* Valdez Decl. In opposition, Defendants argue that: (i) Valdez has failed to establish that the proposed members of the collective class are similarly situated to her; (ii) Plaintiff's counsel has filed its motion in bad faith; and (iii) Plaintiff has failed to identify any exceptional circumstances that warrant an equitable tolling of the applicable FLSA statute of limitations. *See*

---

[3] This matter was transferred from Magistrate Judge Tomlinson to this Court on November 17, 2021. *See* November 17, 2021 Electronic Order.

*generally* Def. Opp.  In support, Defendants rely on nine affidavits from Demint, seven Michpat employees, and defense counsel.  *See* DEs [35]-[43].

For the reasons set forth below, the Court respectfully recommends that the Named Plaintiff's motion for conditional certification be granted in part and denied in part, as follows:  (1) this matter should be conditionally certified as a FLSA collective action for a class defined as all current and former employees, who from April 23, 2018 to April 23, 2021, performed any work for Defendants and were paid on an hourly basis as 'crew' members, assistant managers, or managers, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages; (2) a three-year statute of limitations should be applied to the FLSA claims, and should be tolled from the date the Named Plaintiff filed Plaintiff's Motion until the date of the adoption or modification of this Report and Recommendation; (3) this matter should be certified as a NYLL Rule 23 class action for a class defined as all current and former employees, who from the opening of Defendants' Dairy Queen restaurant until March 1, 2020, performed any work for Defendants in New York as 'crew' members, assistant managers, or managers, and who were paid on an hourly, bi-weekly basis; (4) a six-year statute of limitations should be applied to the NYLL causes of action, and should be tolled from the filing of the Complaint through and until the adoption or modification of this Report and Recommendation; (5) the Named Plaintiff should revise her proposed notice consistent with Judge Donnelly's adoption or modification of this Report and Recommendation; (6) the Named Plaintiff should be permitted to send the notice to

potential FLSA collective and NYLL Rule 23 class members via first-class mail, email, and text message, as well as to post it at Michpat's Medford, New York Dairy Queen location and send a reminder notice; and (7) Defendants should be directed to provide the Named Plaintiff with a computer-readable data file containing the names, addresses, telephone numbers, email addresses, work locations, and dates of employment of all crew members, assistant managers, and managers employed by Defendants as hourly, non-exempt, overtime-eligible employees at any point between December 1, 2017 and March 1, 2020.

## II.    LEGAL STANDARDS

### A. <u>Conditional Certification Pursuant to Section 216(b) of the FLSA</u>

The FLSA permits employees to maintain a collective action "for and [o]n behalf of…themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts in the Second Circuit apply a two-step analysis to determine whether a collective action under Section 216(b) of the FLSA should be certified. *Id.* at 554-55. First, the Court evaluates whether the proposed class members are "similarly situated" to the Named Plaintiff. *See Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001). If the Court finds that the putative class is sufficiently similarly situated, the action will be conditionally certified and each class member may then consent in writing to "opt-in" to the litigation. *Id.* (citing 29 U.S.C. § 216(b)). In determining whether the putative class is similarly situated, the critical inquiry is "not whether plaintiff's job duties are identical to other potential opt-in Named Plaintiffs, but rather, whether the proposed Named Plaintiffs are similarly

situated…with respect to their allegations that the law has been violated." *Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 656 (S.D.N.Y. 2017) (internal quotation marks and citation omitted).  The second step generally occurs following completion of discovery and requires examination of the evidentiary record to ascertain whether the opt-in Named Plaintiffs are, in fact, similarly situated.  *See Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009).  The present motion concerns only the first step of the certification process – whether the proposed class members are similarly situated such that conditional certification is appropriate.

At the conditional certification stage, "the evidentiary standard is lenient." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("The burden for demonstrating that potential Named Plaintiffs are similarly situated is very low at the notice stage") (internal quotation and citation omitted).  A Named Plaintiff seeking conditional certification "need only make a modest factual showing sufficient to demonstrate that they and potential Named Plaintiffs together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (internal quotation and citation omitted).  "This low burden is consistent with the broad remedial purpose of the FLSA." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013) (internal quotation and citation omitted).

At the conditional certification stage, a movant is not required to establish an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's

situation and the situation of other potential Named Plaintiffs." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (quoting *Wraga v. Marble Lite, Inc.*, No. 05-cv-5038, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); *see also Vasquez v. Vitamin Shoppe Indus., Inc.*, No. 10-cv-8820, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) (internal citation omitted) ("Courts will certify broad classes where there is some showing that all members of the putative class performed the same duties…or that the employer had uniform company-wide employment practices."); *Sexton v. Franklin First Fin., Ltd.*, No. 08-cv-4950, 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) ("'[N]othing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required") (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the Named Plaintiffs." *Cano v. Four M Food Corp.*, No. 08-cv-3005, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009).

Moreover, at this stage, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010) (quoting *Francis v. A & E Stores, Inc.*, No. 06-cv-1638, 2008 WL 2588851, at *2 (S.D.N.Y. June 26, 2008), *report and recommendation adopted as modified*, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008) (internal quotation omitted)); *see also Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("The standard in this circuit is clear; the

merits of Named Plaintiffs' claim are not at issue in a motion for conditional certification"). The determination is typically based on the pleadings and declarations submitted in support of the motion. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ("[C]ourts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits").

## B. Certification Pursuant to Fed. R. Civ. P. 23

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 1432 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S. Ct. 2545, 2557 (1979)) (internal quotation marks omitted); *see also Jie Zhang v. Wen Mei, Inc.*, No. 14-cv-1647, 2017 WL 8813132, at *5-6 (E.D.N.Y. Dec. 28, 2017), *report and recommendation adopted*, 2018 WL 878988 (E.D.N.Y. Feb. 14, 2018). "To establish that the exception is applicable to a given case, 'a party seeking to maintain a class action must affirmatively demonstrate compliance with Rule 23.'" *Perez v. Allstate Ins. Co.*, No. 11-cv-1812, 2014 WL 4635745, at *11 (E.D.N.Y. Sept. 16, 2014) (quoting *Comcast*, 569 U.S. at 34, 133 S. Ct. at 1432) (internal quotation marks omitted). Further, "[t]he party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

Class certification pursuant to Rule 23 requires a two-step analysis. First, "the court must be persuaded, 'after a rigorous analysis, that the prerequisites

of Rule 23(a) have been satisfied.'" *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 82 (S.D.N.Y. 2007) (quoting *Gen. Tel Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364 (1982) ). These prerequisites are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see, e.g., Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). "Once a court has concluded that Rule 23(a)'s four requirements have been satisfied, it must then proceed to the second step, *i.e.*, determine 'whether the class is maintainable pursuant to one of the subsections of Rule 23(b).'" *Perez*, 2014 WL 4635745, at *13 (quoting *Vivendi*, 242 F.R.D. at 83); *see also Comcast*, 569 U.S. at 34, 133 S. Ct. at 1432. "Rule 23(b) addresses the types of relief available, as well as the rights of absent class members." *Perez*, 2014 WL 4635745, at *13 (citing Fed. R. Civ. P. 23(b)).

Here, Plaintiff seeks certification pursuant to Rule 23(b)(3). *See generally* Pl. Mot. A party seeking certification of a Rule 23(b)(3) class must also establish that: (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

16

## III.    DISCUSSION

Applying the standards set forth above, and for the reasons set forth below, the Court respectfully recommends that the Named Plaintiff's motion for conditional certification under the FLSA and certification pursuant to Rule 23 be granted in part and denied in part, consistent with the below analysis.

### A. <u>**The Named Plaintiff's Motion for Conditional Certification of a FLSA Collective Action**</u>

Initially, Valdez moves to conditionally certify the following class as a FLSA collective action:  all "[c]urrent and former employees, who from the opening of Defendants' Dairy Queen restaurant until March 1, 2020, performed any work for Defendants and who were paid on an hourly basis as "crew" members, and/or assistant managers, and/or managers, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them." *See* Compl. ¶ 16.  In this case, the Named Plaintiff has made a sufficient factual showing that she and the potential FLSA collective action members – other hourly Michpat employees who have purportedly been denied certain wages by Defendants – were together victims of a common compensation policy that violated the FLSA.  The Complaint alleges that the Named Plaintiff and similarly situated Michpat employees regularly worked at least 40 hours per week.  *See* Compl. ¶¶ 16-17; Valdez Decl. ¶¶ 6-8.

Indeed, according to multiple witnesses, Defendants automatically deducted a fixed amount of time from employees' daily work hours for meals, regardless of the actual length of any breaks, which also resulted in underpayment of wages where

17

employees' meal breaks were shorter than the amount of time deducted. *See* Valdez Dep. at 38:11-39:4; 30(b)(6) Dep. at 121:19-123:4. As a result, employees were not paid for all hours worked, and when they worked more than 40 hours in a week, they were not fully compensated for overtime. *See id*. Moreover, when Defendants altered the Named Plaintiff's and other staff members' time records or deleted those hours, Valdez and those employees received no notice of those alterations, nor did they receive any pay for those deleted hours. *See* 30(b)(6) Dep. at 105:5-107:17; Valdez Decl. ¶¶ 9-11. Indeed, upon her elevation to manager, Demint directed the Named Plaintiff and other assistant managers and managers to follow that practice by altering other employees' time records to help keep Defendants' labor costs low. *See* Valdez Decl. ¶ 9; Valdez Dep. at 37:10-42:12.

These allegations are supported by the Named Plaintiff's declaration, which describes Defendants' practice of improperly deducting, deleting, and manipulating hours worked, and meal deductions, and improperly withholding wages. *See* Valdez Decl. ¶¶ 6-8. The declaration also names several former Michpat employees who are subject to Defendants' alleged wage violations despite not being Named Plaintiffs. *See* Valdez Decl. ¶ 10 (naming 20 Michpat employees subjected to purported overtime violations). The Named Plaintiff has therefore satisfied the lenient standard applicable at this stage by submitting evidence of a uniform, company-wide practice of wage and timekeeping violations sufficient to warrant conditional certification. *See Vasquez*, 2011 WL 2693712, at *3 (noting that "[c]ourts will certify broad classes where there is some showing…that the employer had company-wide employment

18

practices"). Moreover, the Court is unpersuaded by Defendants' contention that Valdez "has failed to proffer any evidence that even a single current or former employee of MichPat & Fam, LLC has any interest in joining this litigation." *See* Def. Opp. at 16. Coworker interest is not relevant to the certification inquiry. Moreover, and as noted above, the Named Plaintiff has provided the names of numerous former Michpat employees who were aware of and victims of the actions that she has alleged. *See* Valdez Decl. ¶ 10. Accordingly, the Court respectfully recommends that this matter be conditionally certified as a FLSA collective action.

### B. **The Named Plaintiff's Motion for NYLL Class Certification**

Valdez next moves to certify the following NYLL class, pursuant to Rule 23: all "[c]urrent and former employees who during the applicable NYLL limitations period performed any work for Defendants in New York, and who were paid on an hourly basis as manual workers." *See* Compl. ¶ 21.

#### 1. Rule 23(a) Requirements

##### a. *Numerosity*

The first Rule 23(a) requirement for class certification is that "the class is so numerous that joinder of all members is impracticable." *See Jie Zhang*, 2017 WL 8813132, at *15 (quoting Fed. R. Civ. P. 23(a)(1)). In determining whether plaintiffs have satisfied Rule 23's numerosity requirement, courts conduct a "case-by-case analysis of the facts[.]" *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 99 (E.D.N.Y. 2012). Within the Second Circuit, "numerosity is presumed at a level of 40 members." *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.

1995); *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 383 (E.D.N.Y. 2013). A plaintiff "need not present a precise calculation of the number of class members and it is permissible for the court to rely on reasonable inferences drawn from available facts[.]" *Hill v. City of New York*, 136 F. Supp. 3d 304, 353 (E.D.N.Y. 2015). Relevant considerations as to the practicability of joinder include "judicial economy arising from the avoidance of a multiplicity of actions,…financial resources of class members, [and] the ability of claimants to institute individual suits." *Balverde v. Lunella Ristorante, Inc.*, No. 15-cv-5518, 2017 WL 1954934, at *5 (S.D.N.Y. May 10, 2017) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)).

Here, Valdez alleges that the proposed class consists of current and former Michpat employees who performed any work for Defendants in New York, and who were paid on an hourly basis as manual workers. *See* Compl. ¶ 21. Further, in discovery, Defendants identified a group of between 20 and 40 Michapt employees, which Plaintiff purports to be an incomplete list of potential class members. *See* Pl. Mem. at 8, 22; *see also* Valdez Decl. ¶¶ 10-11. Given the potential size of the proposed class, the Court finds it reasonable to infer that joinder is impracticable and that the proposed class satisfies the requirement of numerosity.

### b. *Commonality*

The second Rule 23(a) requirement is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs must establish that class members have "suffered the same injury" and that their claims "depend upon a common contention…of such a nature that it is capable of class[-]wide

resolution." *Sykes v. Mel S. Harris and Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015) (citation and quotation marks omitted). "A court may find a common issue of law even though there exists 'some factual variation among class members' specific grievances....." *Han v. Sterling Nat'l Mortg. Co.*, No. 09-cv-5589, 2011 WL 4344235, at *3 (E.D.N.Y. Sept. 14, 2011) (quoting *In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 240 (E.D.N.Y. 1998)). "The commonality requirement may [thus] be met when individual circumstances of class members differ, but their injuries derive from a unitary course of conduct." *Id.* (internal quotation marks and citations omitted). "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Rosario v. Valentine Ave. Disc. Store, Co.*, No. 10-cv-5255, 2013 WL 2395288, at *5 (E.D.N.Y. May 31, 2013), *report and recommendation adopted sub nom. Rosario v. Valentine Ave. Disc. Store*, Co., 2013 WL 4647494 (E.D.N.Y. Aug. 29, 2013).

Here, the Named Plaintiff and the proposed Rule 23 Plaintiffs assert that they were subjected to Defendants' common unlawful compensation policy, whereby Defendants allegedly classified all employees as non-exempt, paid them on an hourly, bi-weekly basis, provided all workers with wage statements on a bi-weekly, rather than weekly, basis that listed each pay period as bi-weekly, despite the fact that each employee spent at least 90% of his or her time performing manual work, such as preparing and serving food, receiving deliveries, working the cash register, and cleaning the restaurant. *See* Compl. ¶¶ 36, 43; 30(b)(6) Dep. at 83:10-23, 90:5-14.

21

Moreover, these common violations of law – *i.e.*, the failure to properly classify and compensate employees – resulted in the proposed Rule 23 Plaintiffs receiving legally inaccurate wage statements, and legally inadequate compensation.  Further, the prospective Rule 23 Plaintiffs' claims arise under the same statutes – NYLL §§ 191(1)(a) and 195(3).   Accordingly, the Court concludes that the Complaint adequately alleges commonality. *See Jie Zhang*, 2017 WL 8813132, at *16; *see also Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 334, n. 20 (S.D.N.Y. 2009) (finding a common policy of pay practices based in part on the identical allegations made by other employees).

### c.  *Typicality*

Valdez must next establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This "requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 164 (S.D.N.Y. 2014) (quoting *Robidoux*, 987 F.2d at 936).  "Rule 23(a)(3) requires only that the disputed issues of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 406 (S.D.N.Y. 2015) (citation and quotation marks omitted).  Typicality is "not highly demanding." *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. 2002) (citation and quotation marks omitted).  As a practical matter, the typicality requirement tends to merge with the commonality

requirement "because [b]oth serve as guideposts for determining whether…the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co. v. Falcon*, 457 U.S. 147, 157, n. 13, 102 S. Ct. 2364, 2371 (1982). "The typicality requirement is not satisfied and class certification is inappropriate, however, where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Briceno v. USI Services Group, Inc.*, No. 09-cv-4252, 2012 WL 4511626 (E.D.N.Y. Sept. 28, 2012) (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)).

Here, Valdez and the Rule 23 Plaintiffs allege that, among other things, they were not paid overtime compensation, a spread of hour premium, paid timely, or provided with proper wage notices, in violation of the NYLL. *See* Compl. ¶ 24; *see also Trinidad v. Breakaway Courier Sys., Inc.*, No. 05-cv-4116, 2007 WL 103073, at *6 (S.D.N.Y. Jan. 12, 2007) (typicality is evaluated "with reference to the company's actions, not with respect to the particularized defenses it may have"). Therefore, typicality is satisfied because the Named Plaintiff's claims are for the same type of injury under the same legal theory as the rest of the Rule 23 Plaintiffs. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (citing *Robidoux*, 987 F.2d at 936) ("[T]ypicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."). Accordingly, the Court concludes that the Complaint adequately alleges typicality of claims.

d. *Adequacy*

Finally, Rule 23(a) requires that the proposed class representatives will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy analysis inquires as to whether a plaintiff's interests are antagonistic to those of the class. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 2250 (1997).

Here, Valdez is proffered as a potential class representative, and affirms that she is prepared to protect the interests of all class members. *See* Compl. ¶ 25. Moreover, the Named Plaintiff's interests are aligned with those of the class she seeks to represent, and she has demonstrated a commitment to the class by assisting with the prosecution of the case, participating in written discovery, and by being deposed. *See Shahriar*, 659 F.3d at 253 (finding adequacy requirement met where "class representatives are prepared to prosecute fully the action and have no known conflicts with any class member"). Although Defendants argue that the Named Plaintiff's work as both a manager and a grill-line worker creates "a significant question of whether [she] would be an adequate class representative" for the proposed Rule 23 class, *see* Def. Mem. at 28, Valdez's experience as a grill-line worker prior to her promotion is sufficient to establish her adequacy as class representative. *See Carollo v. United Capital Corp.*, 528 F. Supp. 3d 37, 56 (N.D.N.Y. 2021) (finding that "defendants' objection that Carollo was a manager for part of her employment at the

hotel does not defeat her adequacy as a representative."). Further, the fact that the Named Plaintiff and other managers employed by Defendants were paid hourly is sufficient to align her with other prospective class members as well. *See id.*; *see also Lawrence v. NYC Med. Practice, P.C.*, No. 1:18-cv-8649, 2021 WL 2026229, at *10 (S.D.N.Y. May 20, 2021) (named plaintiffs satisfied Rule 23's adequacy prong where they were subject to similar "policies and practices regarding compensation and overtime" and did not have "any conflict of interest relating to the subject matter of the litigation.")*; Omar v. 1 Front St. Grimaldi, Inc.*, No. 16-cv-5824, 2019 WL 1322614, at *11 (E.D.N.Y. Jan. 8, 2019) (finding the named plaintiff, who "experienced wage notification violations due to defendants' policies" and "suffered lost wages due to defendants' policies" to be an adequate class representative). For these reasons, the Court concludes that the Named Plaintiff has and will continue to adequately represent the interests of the class, thereby satisfying Rule 23(a)(4)'s requirements, and respectfully recommends that Valdez be appointed class representative.

e. *Ascertainability*

In addition to the express requirements of Rule 23(a), the Second Circuit has consistently recognized the "implied requirement of acsertainability." *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (quotations and citations omitted); *Ruffo v. Adidas Am. Inc.*, No. 15-cv-5989, 2016 WL 4581344, at *2 (S.D.N.Y. Sept. 2, 2016). "[T]he touchstone of acsertainability is whether the class is sufficiently definite so that it is administratively feasible for the court to determine whether a

particular individual is a member." *Brecher*, 806 F.3d at 24 (citations and quotation marks omitted). "A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case." *Huebner v. Midland Credit Mgmt., Inc.*, No. 14-cv-6046, 2016 WL 3172789, at *7 (E.D.N.Y. June 6, 2016) (citation and quotation marks omitted). "[O]bjective criteria cannot alone determine acsertainability when those criteria, taken together, do not establish the definite boundaries of a readily identifiable class." *Brecher*, 806 F.3d at 25.

The Named Plaintiff's proposed NYLL Rule 23 class of current and former Michpat employees who, "during the applicable NYLL limitations period performed any work for Defendants in New York, and who were paid on an hourly basis as manual workers" is the type of class definition based on Defendants' alleged liability which satisfies acsertainability. *Rosario*, 2013 WL 2395288, at *4. Whether employees have been paid the wages owed to them is an objective question that turns on the number of hours they worked and the wages they were paid. *See Jie Zhang*, 2017 WL 8813132, at *18 (citing *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012) ("The class can clearly be ascertained by objective documentation, such as Defendants' employee payroll records and wage statements.") (internal citations omitted)). Through discovery, Valdez has identified over 40 "crew" members as putative class members, plus at least eight managers. *See* 30(b)(6) Dep. at 54:5-14. Moreover, Defendants have confirmed that, using their employee management system, they could instantly generate a list containing all prior and current

employees' data, through a matter of a few keystrokes. *See id.* at 108:8-109-6. Thus, the full scope of the proposed classes is easily ascertained. For these reasons, the Court concludes that the Named Plaintiff's proposed class is ascertainable. *Flores*, 284 F.R.D. at 123.

### 2. Rule 23(b)(3) Requirements

#### a. *Predominance*

Under Fed. R. Civ. P. 23(b)(3), "[t]he court has a duty to take a close look at whether common questions predominate over individual ones." *Comcast*, 569 U.S. at 34, 133 S. Ct. at 1432 (internal citation omitted). The predominance requirement "imposes a 'far more demanding' inquiry into the common issues which serve as the basis for class certification." *Sykes*, 780 F.3d at 81 (quoting *Amchem*, 521 U.S. at 623-24, 117 S. Ct. at 2231). "Predominance is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'" *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (citations omitted).

In opposition, Defendants argue that employment classification issues are fatal to the Rule 23 Plaintiffs' predominance burden. *See* Def. Opp. at 27. Specifically, Defendants contend that the issues of "whether the class as a whole were considered to be 'manual workers,' or whether [Valdez] and other managers would be deemed 'manual workers,'" preclude certification. *See id.* Here, notwithstanding Defendants' unsupported arguments, the Court concludes that common questions

27

predominate over individual ones.  Indeed, the central factual issues underpinning the claims for which the Named Plaintiff seeks class certification and which are appropriate for resolution by generalized proof are:  (i) whether Defendants altered employee time records or deleted hours without notifying employees of those alterations or compensating them for the deleted hours, in order to help keep Defendants' labor costs low; (ii) whether Defendants' employees were all "manual workers," performing manually laborious tasks for more than 25% of their job duties; and if so (iii) whether they were paid on a bi-weekly, rather than weekly basis; and (iv) whether Defendants provided them with wage statements that inaccurately listed their workweeks as bi-weekly rather than weekly.  *See* Pl. Mem. at 26-27.  In this regard, both sides will be able to submit proof in support of their arguments as to whether Defendants' policies and statements comply with the NYLL in these respects.   Moreover, resolution of these issues will predominate over any individualized issues, as a determination that all workers are (or are not) manual workers will determine whether Valdez's claims can succeed on a class-wide basis. Accordingly, the Court concludes that common questions of liability predominate over individual inquiries, and Rule 23(b)(3)'s predominance requirement is therefore met.

   b. *Superiority*

In addition to establishing predominance, Plaintiffs must also demonstrate that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Among the relevant factors a Court considers are:  "(A) the interest of members of the class in individually

controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Id.*

Applying these standards, the Court concludes that, because the Named Plaintiff has established all four components of the superiority element, a class action is the superior method of adjudicating the class claims at issue. Initially, where "many of the class members are alleged to be owed only a relatively modest amount which might not justify the cost of individual litigation…pursuing this litigation individually would be a hindrance rather than a boon." *Grenawalt v. AT&T Mobility, LLC*, No. 11-cv-2664, 2014 WL 4832318, at *6 (S.D.N.Y. Sept. 29, 2014) (internal quotation marks omitted). Here, prospective class members would be entitled to 50% of their "late wages" – *i.e.*, those wages that should have been paid on a weekly basis but were paid one week "late" by virtue of Defendants' bi-weekly payment policy. *See Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 288 (1st Dep't 2019) (confirming liquidated damages for Section 191(1)(a) claim). Class members would then be entitled to a maximum of $5,000.00 each for their wage statement claims. *See Hernandez v. Jrpac Inc.*, No. 14-cv-4176, 2016 WL 3248493, at *29 (S.D.N.Y. Jun. 9, 2016). Taken together, the "relatively modest amount" of damages for each class member's claims fits neatly within the *Grenawalt* court's analysis.

Next, neither party has submitted evidence of any other pending litigation by members of the proposed class regarding these claims.  Moreover, concentrating the litigation in this forum is logical because Defendants' restaurant is located in this District, many class members purportedly work or reside here, and this Court is familiar with the action, which has been pending here for more than a year.  Finally, this case is unlikely to present manageability problems because the claims of potential class members are identical.  Further, that this litigation is being certified as a FLSA collective action supports the superiority of class litigation as an appropriate vehicle "given that the New York Labor Law claims are nearly identical to the FLSA claims...."  *Poplawski v. Metroplex on the Atl., LLC*, No. 11-cv-3765, 2012 WL 1107711, at *12 (E.D.N.Y. Apr. 2, 2012).  Accordingly, the Court concludes that a class action is superior to other available methods for fair and efficient adjudication of the instant NYLL claims, and respectfully recommends that Valdez's NYLL claims be conditionally certified as a class under Rule 23.

## C. <u>Appointment of the Named Plaintiff's Counsel as Class Counsel</u>

The Named Plaintiff next requests that the Court appoint Plaintiff's counsel to serve as class counsel for both the FLSA Collective Plaintiffs and the Rule 23 Plaintiffs.  *See* Pl. Mem. at 28.  Pursuant to Rule 23(g), a court that certifies a class must appoint class counsel.[4]  Rule 23(g)(1)(A) sets forth four factors that must be considered in appointing class counsel:

---

[4] As noted in the Advisory Committee's Notes to the 2003 Amendments for Fed. R. Civ. P. 23(g), the adequacy of class counsel is properly considered under Fed. R. Civ. P. 23(g), rather than as part of the adequacy requirement of Fed. R. Civ. P. 23(a)(4). *See Jie Zhang*, 2017 WL 8813132, at *19.

(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

According to the declaration submitted by Michael R. Minkoff, Esq., Borrelli & Associates, PLLC has extensive experience in litigating complex employment cases, as well as cases focusing on employment law and wage and hour issues.  *See* Minkoff Decl. ¶ 19.  The Court also notes that counsel has done significant work in litigating this matter up until this point. Based on the resources counsel has already invested in this matter, and the quality of the work performed on the Named Plaintiff's behalf, the Court respectfully recommends that Borrelli & Associates, PLLC be appointed as class counsel.

### D. <u>Notice Period</u>

After granting certification, the Court must determine the applicable notice period for Valdez's proposed FLSA collective action and NYLL Rule 23 class.  In this regard, the Court concludes that the FLSA's three-year statute of limitations shall be applied to the FLSA collective action's claims, and the NYLL's six-year statute of limitations should be applied to the NYLL Rule 23 class's causes of action. Notwithstanding that the limitations period associated with the Rule 23 class's NYLL claims has been tolled since the filing of the Complaint, the Court respectfully

recommends that the statute of limitations associated with the FLSA claims should also be tolled from the time the Named Plaintiff filed the certification motion at issue until the adoption or modification of this Report and Recommendation.

### 1. Applicable Notice Periods

The Named Plaintiff seeks permission to include as potential FLSA collective action and Rule 23 class members all Michpat employees who worked for Defendants at any time since the December 2017 opening of Michpat's Medford location through March 1, 2020. *See* Pl. Mem. at 30-31; Minkoff Decl., Ex. 7 ("Proposed Order"). This request, if granted, would allow a single notice containing information about the FLSA collective action and proposed NYLL Rule 23 class to be sent to all potential plaintiffs. In light of the fact that the Medford location began operating in December 2017, the Named Plaintiff contends that broad application of the NYLL's six-year notice period is appropriate, and would align "with the practice of many district courts within this Circuit of permitting plaintiffs to send notice dating back six years before filing of the complaint when the complaint alleges violations of the NYLL in addition to violations of the FLSA." *See* Pl. Mem. at 30. Defendants, on the other hand, contend that the applicable notice period should be three years, as "[s]ending notice to individuals who worked [for Defendants] more than three years ago[,] and thus have no FLSA claim[,] does not serve the interests of the individuals or the parties." *See* Def. Opp. at 33.

The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years. *See* 29 U.S.C. § 255(a).

"At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Jie Zhang*, 2015 WL 6442545, at *5 (citing *Summa*, 715 F. Supp. 2d at 388); *see also Alvarez v. IBM Restaurants, Inc.*, 839 F. Supp. 2d 580, 587-88 (E.D.N.Y. 2012) ("The Named Plaintiffs have alleged willfulness in their Complaint…and the Defendants deny these allegations.   Courts in this circuit have generally held that where willfulness is in dispute, a three-year statute of limitations applies at the conditional certification stage."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268, n.2 (E.D.N.Y. 2005) (finding allegation of willful violation justified notice based on a three-year statute of limitations period).   Here, the Complaint repeatedly alleges that Defendants willfully violated the FLSA.   *See, e.g.*, Compl. ¶¶ 18-19, 22, 28, 47, 72. Accordingly, the Court concludes that the Named Plaintiff has sufficiently alleged willful conduct for the purposes of conditional certification, and recommends that the FLSA collective notice period run from April 23, 2018 to April 23, 2021, the date that Valdez filed the instant motion.   *See Lawrence*, 2021 WL 2026229, at *5 (rejecting plaintiff's request to apply the six-year statute of limitations to both FLSA and NYLL claims).

The next issue is whether a three-year or a six-year notice period is appropriate based on the NYLL causes of action.   District courts in this Circuit have reached inconsistent conclusions with respect to this issue.   *See Jie Zhang*, 2017 WL 8813132, at *13-14; *compare Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) ("Authorizing notice for a time period twice the length of the

maximum FLSA limitations period would not serve the efficiency goal articulated in *Hoffmann*[-*La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482 (1989)]."), *with Cano*, 2009 WL 5710143, at \*10 ("[T]his Court finds it prudent and expedient in this case to allow a six-year period to apply, even if some recipients of the notice will have claims that are time-barred under the FLSA.").

The instant motion seeks conditional certification of the Named Plaintiff's FLSA claims and certification of the NYLL causes of action, and the Court has recommended certification of both groups of plaintiffs pursuant to the FLSA and Rule 23, respectively. Moreover, in light of the above caselaw and in order to provide notice of this action to all potentially affected individuals, the Court respectfully recommends that Valdez be permitted to send the Proposed Notice to any prospective collective or class member who worked in Defendants' Medford location from December 1, 2017, the employer's opening day, through and until the filing of the Complaint. *See Miranda v. General Auto Body Works, Inc.*, No. 17-cv-4116, 2017 WL 4712218, at \*2 (E.D.N.Y. Oct. 18, 2017) (granting six-year notice period); *Serebryakov v. Golden Touch Transportation of NY, Inc.*, 181 F. Supp. 3d 169, 176 (E.D.N.Y. 2016) (same). The reality of this case is that all of the FLSA collective damages at issue here are a subset of the damages at issue with respect to the Rule 23 class overtime wage claims. Accordingly, the distinction between the two statutes of limitations is academic, and parsing the issue for notice purposes will likely do little more than confuse class members. As a result, serving notice consistent with the NYLL statute of limitations is appropriate.

2.  Equitable Tolling of the FLSA Statute of Limitations

The Named Plaintiff further requests that the FLSA statute of limitations be tolled from the date on which the instant motion was filed until such time that the Named Plaintiff is able to send notice to potential opt-in plaintiffs.  *See* Pl. Mem. at 34-35.   According to Valdez, the parties spent considerable time attempting to negotiate a stipulation to conditional certification, but Defendants refused to consent. *See id.* at 35.  The parties then engaged in discovery and, after receiving Defendants' discovery responses, Valdez filed the instant motion.  *Id.*  In opposition, Defendants contend that tolling would be unnecessary because any delay "would be minimal and incidental."  Def. Opp. at 34.  Under the FLSA, "the statute of limitations applicable to a plaintiff's claim continues to run until he or she has filed a written consent with the court to join the lawsuit."  *Garriga v. Blonder Builders Inc.*, No. 17-cv-0497, 2018 WL 4861394, at *10 (E.D.N.Y. Sept. 28, 2018) (citing 29 U.S.C. § 256(b)).  The statute of limitations is not tolled upon the filing of the complaint, as it is in a Rule 23 class action.  *Rotari v. Mitoushi Sushi, Inc.*, 448 F. Supp. 3d 246, 254 (E.D.N.Y. 2020).

In the FLSA conditional certification context, however, a district court may toll the limitations period to avoid inequitable circumstances, giving due consideration to whether a plaintiff has acted with reasonable diligence in pursuing his or her claims and whether the circumstances are extraordinary enough to warrant equitable relief. *See Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 355 (S.D.N.Y. 2017) (alteration omitted) (quoting *Jackson*, 298 F.R.D. at 170); *see also McDermott v. Fed. Sav. Bank*, No. 14-cv-6657, 2018 WL 6718599, at *3 (E.D.N.Y. Sept. 28, 2018) ("[I]n

determining whether to apply the doctrine of equitable tolling, a court must determine 'whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003), *as amended* (July 29, 2003))), *report and recommendation adopted*, No. 14-cv-6657, 2019 WL 1305992 (E.D.N.Y. Mar. 22, 2019). Courts may also permit tolling of the limitations period "during the period the court takes to decide the conditional certification motion." *Viriri*, 320 F.R.D. at 355.

Under the present circumstances, the Court concludes that it is appropriate to toll the three-year FLSA statute of limitations for the period between the filing of the motion for conditional certification and the date of the adoption or modification of this Report and Recommendation. The record is clear that the Named Plaintiff diligently pursued conditional certification of her FLSA causes of action, only filing the instant motion upon receiving Defendants' discovery responses, after a period of stipulation negotiations. Accordingly, the Court respectfully recommends that the statute of limitations be tolled with respect to the FLSA causes of action, from the date on which the instant motion was filed until the date of the adoption or modification of this Report and Recommendation.

### E. **Proposed Notice**

The Named Plaintiff also moves for an order authorizing dissemination of a proposed notice to all members of the FLSA Collective Action and members of the

36

proposed NYLL Rule 23 class. *See* Pl. Mem. at 29-31. With respect to the proposed notice's content, Valdez contends that the Court should approve the version attached to her motion, *see* Minkoff Decl., Ex. 7 ("Proposed Notice"), because it "achieves the goal of providing potential opt-ins and putative class members with accurate and timely notice concerning the pendency of the collective action, and explaining the differences" between automatic membership in the proposed NYLL Rule 23 class and the need to opt-in to the FLSA Collective Action. *See* Pl. Mem. at 30. Valdez further requests approval of a proposed reminder, *see* Minkoff Decl., Ex. 10, to "remind any potential collective and class members who have not yet responded to the initial notice of their impending deadline for a response," *see* Pl. Mem. at 31-32, thereby facilitating "the remedial goals of the FLSA by protecting potential class members against their claims being extinguished by the running limitations period." *Id.* at 32 (quoting *Mongiove v. Nate's Corp.*, No. 15-cv-1024, 2016 WL 590460, at *7 (E.D.N.Y. Feb. 11, 2016)). Finally, the Named Plaintiff requests approval of the original and reminder notices to be disseminated to potential plaintiffs via email and also to send a text message and reminder text message containing a link to the notices on Valdez's counsel's website, on the grounds that "many potential plaintiffs may have changed residences since their employment with Defendants ended, and because [the Named] Plaintiff and Defendants have testified that they regularly communicated with regarding work-related matters using cellular phone applications and messages, often by email and text message." *See id.*; *see also* Minkoff Decl. Exs. 8-10.

In order to serve the Proposed Notice on and follow up with potential FLSA collective action members and potential Rule 23 class opt-outs, Valdez seeks from Defendants the "names, last known mailing addresses, all known home and mobile telephone numbers, all known email addresses, work locations, and dates of employment of all crew members, assistant managers, and managers who worked for Defendants at any point from December 1, 2017 to March 1, 2020." *Id.* at 31. Defendants lodge multiple unsupported objections against the Proposed Notice, namely: (1) that it should only be disseminated via first class mail, not by email or text message; (2) Valdez should not be permitted to post the Proposed Notice at Michpat's Medford location; and (3) the Named Plaintiff should not be permitted to send reminder notices to potential collective and class members. *See* Def. Opp. at 30-33.

Neither the FLSA, Rule 23, nor any court has expressly stated what form court-authorized notice should take or what provisions the notice should contain. *See Moore*, 276 F.R.D. at 58 (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). Indeed, it is well-settled that "[t]he form of a court-authorized notice and provisions contained in it are left to the broad discretion of the trial court." *Sobczak*, 540 F. Supp. at 364; *Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 4369746, at *6 (E.D.N.Y. Sept. 24, 2012) (internal citation omitted).

Consistent with this discretion, the Court concludes that the proposed notice adequately explains the criteria to join the FLSA collective action and/or opt-out of the Rule 23 class, and respectfully recommends that it be disseminated to all

individuals who were employed by Defendants as hourly, non-exempt, overtime-eligible employees at any point between December 1, 2017 and March 1, 2020.[5]  *See Carollo*, 528 F. Supp. 3d at 64-65.  Moreover, the Court respectfully recommends that the Proposed Notice be revised to reflect the rulings in this Report and Recommendation.  In addition:  (i) the sixth paragraph should be revised to include a mailing address for Rule 23 exclusion requests; and (ii) the Proposed Notice should explain that this case – and any party's participation in it – is a matter of public record.

Finally, pending the adoption or modification of this Report and Recommendation by Judge Donnelly, any mention of Magistrate Judge Tomlinson should be replaced by either "Judge Anne M. Donnelly" or "Magistrate Judge Steven I. Locke."  Other than these modifications, the Court has reviewed the Proposed Notice, the proposed reminder email, and the proposed text message in their entireties and, save the issues described above, respectfully recommends that their contents be approved.

1. Distribution of the Notice

With respect to the manner of distribution, the Named Plaintiff seeks permission to send the Proposed Notice, along with consent-to-join forms, via United States Postal Service first-class mail, email, and text message as well as to post it at

---

[5] Upon review, the Court concludes that the Named Plaintiff's proposed notice adequately explains the legal and temporal differences between the FLSA collective action and the Rule 23 class, instructs potential plaintiffs that action must be taken in order to join the FLSA collective action or opt-out of the Rule 23 class, and that failure to act could result in non-inclusion in the FLSA collective action and/or non-removal from the Rule 23 class.  *See generally* Minkoff Decl., Ex. 7.

Michpat's Medford location and to send a reminder text message containing a link to the notices on Valdez's counsel's website.  *See* Pl. Mem. at 32.  Defendants oppose the Named Plaintiff's requests and contend, without factual support, that:  (1) the Proposed Notice should only be disseminated via first class mail, not by email or text message; (2) Valdez should not be permitted to post the Proposed Notice at Michpat's Medford location; and (3) the Named Plaintiff should not be permitted to send reminder notices to potential collective and class members.  *See* Def. Opp. at 30-33.

Notwithstanding Defendants' opposition, the Court respectfully recommends that the Named Plaintiff be permitted to send the notice to potential opt-in members via first-class mail and post it at Michpat's Medford location.  *See Cabrera v. Stephens*, No. 16-cv-3234, 2017 WL 4326511, at *8 (E.D.N.Y. Sept. 28, 2017) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail") (internal quotations and citations omitted); *Sanchez v. Salse Con Fuego, Inc.*, No. 16-cv-473, 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[F]irst class mail and email may both serve as efficient means of ensuring that potential opt-in Named Plaintiffs receive timely notice, and are therefore approved"); *Jackson*, 298 F.R.D. at 170 (granting "authorization to issue a proposed notice to potential class members by mail and e-mail" and "authorization to re-mail notices that are returned as undeliverable").  Valdez should further be permitted to send a reminder notice.  *See Chhab v. Darden Restaurants, Inc.*, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) ("Both parties cite case law either authorizing or rejecting the issuance of a

reminder notice.  Given that notice under the FLSA is intended to inform as many potential Named Plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.") (internal citations omitted).  In addition, and in line with recent decisions concluding that dissemination of notices to plaintiffs via email and text message is appropriate, the Named Plaintiff should also be permitted to provide notice accordingly.  *See, e.g.*, *Millin v. Brooklyn Born Chocolate, LLC*, No. 19-cv3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020) ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA."); *Velasquez v. Digital Page Inc.*, No. 11-cv-3892, 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014) (finding it proper for courts in collective actions to order discovery of telephone numbers and email addresses of potential collective members) (collecting cases).

### 2.   Production of Contact Information

Consistent with the relief discussed above, the Named Plaintiff seeks an order directing Defendants to provide her counsel with a computer-readable data file containing the names, last known mailing addresses, all known home and mobile telephone numbers, all known email addresses, work locations, and dates of employment of all crew members, assistant managers, and managers who worked for Defendants between December 1, 2017 and March 1, 2020.  *See* Pl. Mem. at 31.

It is typically appropriate for courts in wage and hour actions to order the discovery of contact information of potential opt-in plaintiffs.  *See, e.g., Douglas v. Anthem Productions, LLC*, No. 18-cv-5789, 2019 WL 78988, at *5 (S.D.N.Y. Jan. 2,

2019) (ordering "Defendants [to] produce contact information for all potential members of the collective"); *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-cv-1491, 2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015) ("Disclosure of the names, addresses, telephone numbers, and email addresses of putative class members is commonplace in this district"); *Jackson*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014) (citing *Lynch*, 491 F. Supp. 2d at 371-72) (granting contested dual collective and class action motion in FLSA/NYLL matter, ordering defendant to produce class members' contact information, and noting that such a request "is common in wage and hour actions to facilitate the notice process.").

In light of the above caselaw, the Court considers the Named Plaintiff's request to be appropriate, as the information she seeks will not be unduly burdensome or disruptive to Defendants' business operations. *See Sexton*, 2009 WL 1706535, at *13. Accordingly, the Court respectfully recommends that Defendants be directed to provide Valdez with the above requested computer-readable data file, and that that this information be provided to the Named Plaintiff no later than fourteen days after the adoption or modification of this Report and Recommendation.

## IV.    CONCLUSION

For the reasons set forth above, the Court respectfully recommends that the Named Plaintiff's motion for conditional certification be granted in part and denied in part, as follows:  (1) this matter should be conditionally certified as a FLSA collective action for a class defined as all current and former employees, who from April 23, 2018 to April 23, 2021, performed any work for Defendants and who were

42

paid on an hourly basis as 'crew' members, assistant managers, or managers, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages; (2) a three-year statute of limitations should be applied to the FLSA claims, and should be tolled from the filing of Plaintiff's Motion until the date of the adoption or modification of this Report and Recommendation; (3) this matter should be certified as a NYLL Rule 23 class action for a class defined as all current and former employees, who from the opening of Defendants' Dairy Queen restaurant until March 1, 2020, performed any work for Defendants in New York as 'crew' members, assistant managers, or managers, and who were paid on an hourly, bi-weekly basis; (4) a six-year statute of limitations should be applied to the NYLL claims, and should be tolled from the date the Named Plaintiff filed the Complaint until the adoption or modification of this Report and Recommendation; (5) the Named Plaintiff should revise her proposed notice consistent with Judge Donnelly's adoption or modification of this Report and Recommendation; (6) the Named Plaintiff should be permitted to send the notice to potential FLSA collective and NYLL Rule 23 class members via first-class mail, email, and text message, as well as to post it at Michpat's Medford, New York Dairy Queen location and send a reminder notice; and (7) Defendants should be directed to provide the Named Plaintiff with a computer-readable data file containing the names, addresses, telephone numbers, email addresses, work locations, and dates of employment of all crew members, assistant managers, and managers employed by Defendants as hourly, non-exempt, overtime-eligible employees at any point between December 1, 2017 and March 1, 2020.

43

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.    Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:        Central Islip, New York
              January 6, 2022

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge