UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

JESSICA VALDEZ, on behalf of herself,
individually, and on behalf of all others similarly situated,

           Case No.:

           2:20-cv-02570- (AMD) (AKT

      Plaintiff,

           **DEFENDANTS**
           **OBJECTIONS TO**
-against            **REPORT AND**
           **RECOMMENDATION**

MICHPAT & FAM, LLC, d/b/a DAIRY QUEEN
GRILL & CHILL RESTAURANT, and PATRICIA
NAPPO, a/k/a PATRICIA DEMINT, individually,
Defendants.

_____

Introduction

Defendants Michpat & Fam, LLC, d/b/a Chill and Grill Restaurant and Patricia Nappo

a/k/a Patricia DeMint, Individually (collectively, "Defendant"), pursuant to Fed. R. Civ. P.

72(b)(2), respectfully file their objections to each and every part of Magistrate Judge

Steven I. Locke's Report and Recommendation, filed on January 6, 2022, (ECF No. 89),

("the Report").  Said report recommended that  Plaintiff's motion for conditional

certification be granted in part and denied in part, as follows:  (1) this matter should be

conditionally certified as a FLSA collective action for a class defined as all current and

former employees, who from April 23, 2018 to April 23, 2021, performed any work for

Defendants and who were paid on an hourly basis as 'crew' members, assistant managers, or managers, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages; (2) a three-year statute of limitations should be applied to the FLSA claims, and should be tolled from the filing of Plaintiff's Motion until the date of the adoption or modification of this Report and Recommendation; (3) this matter should be certified as a NYLL Rule 23 class action for a class defined as all current and former employees, who from the opening of Defendants 'Dairy Queen restaurant on December 1, 2017 until March 1, 2020, performed any work for Defendants in New York as 'crew' members, assistant managers, or managers, and who were paid on an hourly, bi-weekly basis; (4)a six-year statute of limitations should be applied to the NYLL claims, and should be tolled from the date the Named Plaintiff filed the Complaint until the adoption or modification of this Report and Recommendation; (5) the Named Plaintiff should revise her proposed notice consistent with Judge Donnelly's option or modification of this Report and Recommendation; (6) the Named Plaintiff should be permitted to send the notice to potential FLSA collective and NYLL Rule 23 class members via first-class mail, email, and text message, as well as to post it at Defendants' Dairy Queen location and send a reminder notice; and (7) Defendants should be directed to provide the Named Plaintiff with a computer-readable data file containing the names, addresses, telephone numbers, email addresses, work locations, and dates of employment of all crew members, assistant managers, and managers employed by Defendants as hourly, non-exempt, overtime-eligible employees at any point between December 1, 2017 and March 1, 2020.

Defendants object to the Magistrate's report on the basis of clear error, as said Magistrate misapprehended the facts with respect to the conditional certification of this matter, the

certification of this matter as a NYLL Rule 23 class action, the statute of limitations, and the method of notice.

## Standard of review of a magistrate judge's report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendations on a dispositive motion, the Court reviews de novo those determinations as to which a party has objected. Id. ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") However, "[t]o accept the report and recommendation of a magistrate judge on a dispositive matter as to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the fact of the record." Piroleau v. Caserta, No. 10-cv-5670, 2012 WL 5389931, at *1 (E.D.N.Y. Oct. 29, 2012). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." E.E.O.C. v. First Wireless Grp., Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004)

## Argument

## Defendants object to the Magistrate's determination that class certification was appropriate

The threshold issue the Court must decide in determining putative class certification pursuant to 29 U.S.C. $ 216b) is whether the potential class members are "similarly situated." See 29 U.S.C.$ 216(b); Jacob, et al. v. Duane Reade, Inc., 2012 WL 260230,

at 3 (S.D.N.Y. 2012 "Plaintiffs can demonstrate that they and potential opt-in plaintiffs are similarly situated by making a modest factual showing that they ... were victims of a common policy or plan that violated the law." Jacob, 2012 WL 260230, at *3 (necessary for conditional certification to be granted.)

Plaintiff relies solely on her own declaration which states "I knew about Defendants' policy of deleting or moving worked time because Defendant DeMint personally told me about it, and in fact directed me and other assistant managers and managers to alter crew members' and assistant managers' and managers' time records. I learned this based on my conversations with Defendant Demint and other assistant managers and managers that the following people were all able to alter Defendants' employees' time records: Michelle Robey; Defendant Demint; Wade Zwanger; Debra Joscher; Ziko (last name unknown); Ryan Hayes; Crystal Hafeez; Angela Krasinski; Jessie Arvelo; and possibly others... Moreover, not only did Defendants specifically direct me and these other assistant managers and managers to change Defendants' employees' time records, I am personally aware that Defendants in fact did change the time records for each of the following people, that these people were not made aware of those changes at the time, and that as a result they were underpaid for either their break time, their overtime, or both, resulting in them not receiving their overtime pay at time-and-a-half their hourly rates for the hours they worked over forty in a week (declaration goes on to name twenty employees) Valdez Declaration, paragraphs 10-11.

The declaration that Plaintiff has presented to the Court in conjunction with their request for conditional certification is comprised entirely of vague and generic statements concerning alleged direction by Defendants to alter crew members' and assistant mangers'

and managers' time records. The declaration is devoid of any specifics. It provides no basis

whatever what the source of knowledge was that records were changed. Furthermore,

Plaintiff's allegations were expressly and vehemently refuted in a declaration of Debra

Joscher (a manager who, according to Plaintiff, allegedly altered time records at

Defendants' direction) and Dana Boyce, who was also a manager. Joscher Declr. Par. 4-8,

Boyce Declr Par 4-8. In addition, several other Defendants' employees submitted

declarations stating that they nor other workers ever worked overtime.

In determining whether to authorize the sending of notice to potential plaintiffs of the

pendency of a collective action brought pursuant to section 216(b) of the FLSA, courts

should engage in a two-step inquiry. See Myers, 624 F.3d at 554-55; Morales v.

Plantworks, Inc., 2006 WL 278154, at *2 (S.D.N.Y. 2006). First, courts should make an

initial determination whether there are "potential opt-in plaintiffs who may be `similarly

situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."

Myers, 624 F.3d at 554 (citations omitted); see Ahmed v. T.J. Maxx Corp., 2013 WL

2649544, at *7 (E.D.N.Y. 2013).

Courts have stated that plaintiffs need only "make a `modest factual showing' that they

and potential opt-in plaintiffs `together were victims of a common policy or plan that

violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffmann, 982 F. Supp. at 261).

However, although the plaintiff's "burden of proof is low, it is not non-existent —

certification is not automatic.'" Elamrani v. Henry Limousine, Ltd., No. CV20152050,

2016 WL 5477590.  As the Second Circuit has stated, "[t]he `modest factual showing'

cannot be satisfied simply by `unsupported assertions.'" Myers, 624 F.3d at 555 (quoting

Dybach v. State of Fla. Dep't of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991)); see

Morales v. Plantworks, Inc., No. 05-CV-2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (quoting Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7B Federal Practice and Procedure: Civil 3d § 1807, at 487-53 (2005)) (stating that "conclusory allegations are not enough" to meet the "modest factual showing" at the first stage of collective action certification).

At that initial stage, "the court will look at the pleadings and affidavits" to analyze whether plaintiff and putative class members are similarly situated. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007); Flores v. Osaka Health SPA, Inc., No. 2006 WL 695675, at *2 (S.D.N.Y. 2006); Morales, 2006 WL 278154, at *1. If the "plaintiffs make a `modest factual showing' that they and potential opt-in plaintiffs `together were victims of a common plan or policy that violated the law,'" the court may authorize that notice be sent. Myers, 624 F.3d at 555 (citation omitted). The "modest factual showing" that plaintiff must make at the conditional certification stage "cannot be satisfied simply by `unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether `similarly situated' plaintiffs do in fact exist." Id. (internal citations omitted). Although plaintiffs' burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations.

A plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice. See Prizmic v. Armour, Inc., No. 05-CV-2503, 2006 WL 1662614, at *2 ( E. D. N. Y. June 12, 2 0 0 6) ("mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made."); Mendoza v. Casa de Cambio Delgado, Inc., No. 07 Civ. 2579,

2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008) ("While this is a very liberal standard, conclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action."). Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated. See, e.g., Morales, 2006 WL 278154, at *3 ("Here, plaintiffs have offered only a conclusory allegation in their complaint; they have offered nothing of evidentiary value. Because plaintiffs have failed to meet this minimal requirement, their motion for class certification is denied."); see also Adair v. Wisconsin Bell, Inc., No. 08-C-280, 2008 WL 4224360, at *9 (E.D. Wis. Sept. 11, 2008) ("[I]f declarations in support of conditional certification are not required to be more probative than bare allegations, the requirement of factual support would be superfluous." (quotations and citation omitted)).

Motions for conditional certification have been denied where the only substantive allegations were nonspecific personal observations and conversations. For instance, in Sanchez v. JMP Ventures, LLC, No. 13 Civ. 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), the Court rejected conditional certification where the plaintiff had made factual allegations about his own underpayment and alleged that those policies were "common practice" at the defendant restaurants based on "observations" and conversations with other employees. In Reyes v. Nidaja, LLC., 2015 WL 4522587 (S.D.N.Y. 2015), the court denied conditional certification where only "nonspecific personal observations and conversations" are alleged, conditional certification is improper. In Barfield v. New York City Health and Hospitals Corp., No. 05 Civ. 6319, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005), the Court denied conditional certification where a plaintiff offered "nothing but limited anecdotal hearsay" to support the idea that other nurses were similarly

situated. in Qi Zhang v. Bally Produce, Inc., No. 12 Civ. 1045, 2013 WL 1729274, at *3 (S.D.N.Y. Apr. 22, 2013), the Court denied conditional certification where a plaintiff failed to show that the other members of his proposed class had similar duties, responsibilities, and lines of supervision. Although the plaintiff argued that an affidavit from a single plaintiff could be sufficient to establish that other proposed class members were similarly situated, the Court took issue not with the use of an affidavit, but rather "with the quality of the plaintiff's evidence, which fails to address the duties and responsibilities of the other [coworkers].

In the case at bar, Plaintiff has failed to make the modest factual showing necessary for conditional certification to be granted. Her motion is supported in its entirety by the Plaintiff's own declaration that is vague, replete with conclusory allegations, and devoid of evidentiary value. Failure to provide evidence of a factual connection between plaintiffs and the proposed class raises the specter that the alleged employer might be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." Prizmic, 2006 WL 1662614, 2 (quoting D'Anna v. MIA-Com, Inc., 903 F.Supp. 889, 893-94 (D.Md. 1995)

In addition, it should be emphasized that there has been significant discovery in the instant matter. Parties have served responses to Interrogatories and Discovery Demands. At the time Plaintiff filed her certification motion, Plaintiff and the Defendants' 30 (b) (6) witness had been deposed. Defendant Demint was subsequently deposed on April 29, 2021. In this situation, where a conditional certification motion is made after some, but not all, discovery has occurred, it remains an open question whether some kind of "intermediate scrutiny" should apply. Several district courts in other Circuits have reasoned that the

degree of scrutiny applied should increase in proportion to the discovery that has been conducted. *See Creely v. HCR ManorCare, Inc., 789 F. Supp. 2d 819, 823-28 (N.D. Ohio 2011).*

However, even where courts have declined to apply a standard of increased scrutiny after some discovery has taken place, they have nevertheless considered the evidence obtained in discovery. *Cunningham v. Electronic Data Systems Corp., 754 F. Supp. 2d 638 (S.D.N.Y. 2010),* Courts generally agree that allowing the parties to conduct some targeted discovery regarding the conditional certification question takes the question beyond the stage one evidentiary boundaries of the complaint's allegations and supporting affidavits."). *Creely, 789 F. Supp. 2d at 826:*

".. In particular, and as an initial matter, the Court will look beyond the pleadings and affidavits submitted by Plaintiffs and will consider the evidence submitted by both parties, albeit with an understanding "that the body of evidence is necessarily incomplete." The Court will compare Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists. In other words, the Court will review whether Plaintiffs have advanced the ball down the field — showing that it is more likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs. (*Korenblum v Citigroup, Inc., 195 F Supp 3d 475 SDNY 2016).* Crucial to the analysis is the principle that it is not a common policy, plan or practice alone that meets the requisite

showing; Plaintiff must demonstrate the existence of a common policy, plan or practice that violates the law."

In determining motions for certification, many courts adopt the approach first articulated in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D. N.J. 1987). Under that analytical framework, when certification is raised at the inception of the case, the similarly situated inquiry is conducted under a somewhat lenient standard and revisited after discovery. Where certification is raised later in the case and an adequate evidentiary record exists, on the other hand, the Lusardi analysis calls for a much more demanding standard of proof under which certification "is rarely granted." Gallender v. Empire Fire & Marine Ins. Co., 2007 U.S. Dist. LEXIS 7127 at *5 (S.D. Miss. Jan. 31, 2007); see also Forney v. TTX Co., 2006 U.S. Dist. LEXIS 30092 at *5 (N.D. Ill. Apr. 7, 2006) ("[P]laintiffs must overcome a stringent evidentiary hurdle of demonstrating they are in fact similarly situated").

Therefore, Defendants submit that the conclusory allegations fall short of satisfying this evidentiary standard.

In his Report and Recommendation , the Magistrate stated that the fact that no other person has chosen to join the litigation is irrelevant. Defendants respectfully disagree. Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. Mackenzie v. Kindred Hasps. East, L.L.C., 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) (citing Dybach, 942 F.2d at 1567-58). Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the court. Id.

<u>Defendants object to the Magistrate's determination that Plaintiff satisfied all Rule 23
requirements</u>

<u>Rule 23(a)(3) Typicality</u>

Typicality, pursuant to Rule 23(a)(3) is satisfied when "the claims of the class
representatives [*365] [are] typical of those of the class, and . . . when each class
member's claim arises from the same course of events, and each class member makes
similar legal arguments to prove the defendant's liability." Marisol A. v. Giuliani, 126 F.3d
372, 376 (2d Cir. 1997). "While it is settled that the mere existence of individualized
factual questions with respect to the class representative's claim will not bar class
certification, class certification is inappropriate where a putative class representative is
subject to unique defenses which threaten to become the focus of the litigation." Gary
Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180
(2d Cir. 1990) (citations omitted). The Supreme Court has [**19] emphasized that "the
commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as
guideposts for determining whether under the particular circumstances maintenance of a
class action is economical and whether the named plaintiff's claim and the class claims are
so interrelated that the interests of the class members will be fairly and adequately
protected in their absence." Dukes, 131 S. Ct. at 255.

Class certification should also be denied because none of the named Plaintiffs is typical.
Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical
of the claims or defenses of the class." A plaintiff "subject to unique defenses" is not
typical. Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 59 (2d Cir. 2000)
(internal quotation marks omitted). Certification is improper because a "danger" exists

"that absent class members will suffer if their representative is preoccupied with defenses unique to [her]." Id. at 60 (internal quotation marks omitted). "The unique defense does not have to be established in order to render the representative atypical; it is sufficient that the defendants show that it is meritorious enough to require the plaintiff to devote considerable time to rebut [it]." Mazzei v. Money Store, 288 F.R.D. 45, 58 (S.D.N.Y. 2012) (internal quotation marks omitted).

In addition, there is evidence in this case indicating that Plaintiff was an area or "zone" manager whose duties were primarily supervisory in nature. As manager, Plaintiff's duties included Food safety checks (completion of the "Red Book"),  talking crew "into and out of" their positions,   re-assigning crew as business needs dictate, handling customer concerns, Ensuring compliance with all food safety standards, proper protocols, packaging, etc.,  overseeing the twice weekly product deliveries and ensuring product is correctly put away and inventoried, "Expo'ing (expediting)/ ensuring orders are properly put together and complete before being presented to a customer,  updating all Point of Purchase materials, assigning cash drawers, counting cash, reconciling sales to cash,  writing up employee notices for discipline,  crew training (including hands on training and advising/tracking individual crew of online training tasks),  keeping track of/recording use of petty cash,  Working with vendors on repair/maintenance issues,  on boarding of trainees,   correcting crew members who were not performing their jobs correctly,  writing up crew members who were not performing their jobs correctly or performing procedures properly  performing table touches (every 15 minutes), pride path (walk through her area of the restaurant) - (every hour). Demint Decl. Par 10.

Plaintiffs is not typical as she is subject to important, unique defenses, including the defense that Claimant was a not manual worker and therefore not subject to NYLL 191 (1) (a). In addition, Plaintiff has asserted the unique allegation that Defendant Patricia DeMint wrongfully withheld all of any of the money that Plaintiff had expressly requested that she hold and use to pay Plaintiff's expenses. There is no proof that any other employee had entered into a similar arrangement with Defendants.

Defendants Object to the Magistrate's determination that Class Issues Predominate Over Individualized Issues

Plaintiff also fails to satisfy the requirements of Rule 23(b)(3), as they cannot demonstrate that questions of law or fact predominate over questions affecting individual members, or that a Rule 23 class action is a superior method of prosecuting Plaintiffs' claims and the claims of the proposed class.

The predominance inquiry is a more stringent version of the commonality requirement of Rule 23(a), and tests whether a proposed class is sufficiently cohesive to warrant adjudication by representation. Moore v. Paine Webber, Inc. 306 F.3d 1247, 1252 (2d Cir. 2002). Thus, when determining whether common issues predominate, the Plaintiffs must establish that the issues that are subject to generalized proof, and thus applicable to the class as a whole ... predominate over those issues that are subject only to individualized proof."" Rutstein v. Avis Rent-A-Car Sys., Inc.,211 F.3d 1228, 1233 (11th Cir. 2000), cert denied, 532 U.S. 919 (2001) (quoted citations omitted).

Predominance is lacking where the issues presented are not subject to generalized proof, but rather a case-by-case analysis is necessary. Myers, 2007 U.S. Dist. Lexis 53572, at

19-20 (finding issues subject to individualized proof of what managers did on a daily basis predominated); Jimenez v. Domino's Pizza, Inc., 238 F.R.D. 241,251 (C.D. Cal. 2006) (requirement of individual analysis for duties of general managers precluded finding that class issues predominated); Glewwe v. Eastman Kodak Co., No. 05-cv-6462T, 2006 U.S. Dist. Lexis 33449, at 11 (W.DN.Y. May 25, 2006) (finding common issues did not predominate).

Here, an examination of the record shows that individual issues predominate over class issues. As set forth in the Declarations submitted on Defendant's behalf, the evidence indicates that Plaintiff was a Manager.

Defendants object to the Magistrate's determination that a Class Action was a Superior Method to adjudicate Plaintiff's claims of alleged violations of NYLL 191 and 195

In addition to proving the predominance on common issues, Plaintiffs must also demonstrate that a class action is the superior method of adjudicating the state law claims of the proposed class. Fed. R. Civ. P. 23(b). In analyzing the Rule 23(b)(3) superiority requirement, the Court must examine and evaluate alternative methods of resolving Plaintiffs' claims. See, e.g., Leuthold v. Destination Am., Inc., 224 F.R.D. 462 (N.D. Cal. 2004) (holding that maintaining suit as FLSA conditional class is superior to certifying additional state law class under Rule 23(b)(3)). Class certification may be denied where plaintiffs have another, more readily available means by which to have their claims determined. Becker v. Schenley Indus., Inc., 557 F.2d 346,348 (2d Cir. 1977).

When certifying a proposed class in accordance with Rule 23(b)(3), courts must consider whether a class action is "superior to other available methods for fairly and efficiently

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Superiority Requirement asks courts to balance, in terms of fairness and efficiency, the advantages of a class action against those of alternative available methods of adjudication. See Fed. R. Civ. P. 23 Advisory Committee Notes, 1966 Amendment, 28 U.S.C.A. Rule 23, at 385 ("Subdivision (b) (3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural  [**30] fairness or bringing about other undesirable results."). HN19 Rule 23(b)(3) identifies several factors to consider in determining whether a class action is in fact "superior to other available methods for fairly and efficiently adjudicating the controversy": (Dodona I, LLC v Goldman, Sachs & Co., 296 FRD 261 [SDNY 2014])

 As this certification request is based on alleged violations of NYLL 191 and 195 any potential class member who seeks redress under either of these sections has opportunity and recourse of filing a claim with the New York State Department of Labor Division of Labor Standards. Each of those claims are investigated and subject to adjudication in a timely hearing.  These administrative claims would not involve extensive additional discovery or be subject to the Court's heavy caseload, therefore providing any of these employees with a quicker resolution of their claims.   Since their potential liquidated damages would be the same in either an administrative or a court forum, Plaintiff has failed to establish that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. While Plaintiff's counsel would be in the position to recover attorney's fees in the event of a settlement or judgment, this fact does not in any way benefit the interests of the prospective class.

<u>Defendants Object to the Magistrate's determination that Named Plaintiff Is an Adequate Representatives of the Putative Class</u>

Rule "23(a)(4) requires that in a class action, the interests of the class must be "fairly and adequately protected." Charron v. Wiener, 731 F.3d 241, 249 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23(a)(4)) (alteration omitted). "Determination of adequacy typically 'entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the [**51] litigation." Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 99 (2d Cir. 2007) (quoting Baffa, 222 F.3d at 60).22 "'A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Amchem, 521 U.S. at 625 (quoting E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977) (alteration and other quotation marks omitted)).

While defendants do not contest the qualifications of Plaintiff's counsel, there is a significant question of whether Plaintiff would be an adequate class representative. In addition to the previously stated arguments with respect to Plaintiff's job functions, there are issues regarding Plaintiff 's credibility (whose statements regarding Defendants' wage practices have been refuted by other employees and prior history (including her history of documented substance abuse as well as an assault of a customer Robey Dep. Exhibit A, 11: 2-25,) that might damage the interests of other class members.

<u>Defendants Object to the Magistrate's determination that the Proposed Notice was proper</u>

As stated in Defendant's opposition to the certification, motion, the Proposed Notice fails to provide_(1) contact information for defendants' counsel and (2) a statement advising that potential opt-in plaintiffs may be required to participate in discovery and, if they do not prevail, to pay defendants' costs. (Guan v Long Is. Bus. Inst., Inc., 2016 US Dist LEXIS 106741 [EDNY Aug. 11, 2016, No. 15-CV-2215 (CBA) (VMS)]) See, e.g., Moore v. Eagle Sanitation, Inc., 276 F.R.D, 54, 59-61 (E.D.N.Y. 2011); _Bah v. Shoe Mania, Inc., No. 08-CV-9380 (LTS) (AJP), 2009 U.S. Dist. LEXIS 40803, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009)._

_Furthermore, in (Gonzalez v Scalinatella, Inc., 2013 US Dist LEXIS 168540 [SDNY Nov. 22, 2013]),_ the Court directed Plaintiff to include defense counsel's contact information on the notice as well as a statement that Defendants assert that they paid all employees properly, that they anticipate moving to decertify the collective action at the close of discovery, and that plaintiffs have not demonstrated the necessary elements required to establish a collective action.

Defendants Object to the Magistrate's determination that sending notice via e-mail, text, and workplace posting was appropriate.

Plaintiff's request to both post and e-mail the notice is unwarranted. Generally, first-class mailing is the preferred method to inform individuals of their ability to opt-in to a collective action. Alternative forms of notification should not be used unless the plaintiff presents facts showing that such methods are necessary. Plaintiffs have made no such showing here. Gordon v. Kaleida Health, No. 08 Civ. 378S, 2009 U.S. Dist. LEXIS 95729, at *35-37 (W.D.N.Y. Oct. 14, 2009); Hintergerger v. Catholic Health Sys., No. 08-cv-380S, 2009 U.S. Dist. LEXIS 97944, at *40-41 (W.D.N.Y. Oct. 21, 2009).

Additionally, because an employer will be able to provide accurate mailing addresses for current employees, on-site posting is unnecessary. Gordon, 2009 U.S. Dist. LEXIS 95729, at *36-37 ("the only group that will be reached by posting are current employees, who have an interest in providing their employer with an up-to-date mailing address"); Hintergerger, Case 2:12-cv-06356-LDW-AKT  notice via email could create risks of distortion or misleading notification through modification by putative class members of the notice itself, and thus absent evidence that the Notice will not reach the putative class through mailing, e-mail should not be permitted.

<u>Defendants Object to the Magistrate's determination that sending reminder notices was appropriate.</u>

Defendants object to the Plaintiffs' request to send a "Reminder" notice because there has been no showing that such a reminder is necessary.  Courts have denied requests to send reminder notices on the grounds that "the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit". Witteman v. Wisconsin Bell, Inc., No. 09-CV-440, 2010 WL 446033, at *3 (W.D.Wis. Feb. 2, 2010); Knispel v. Chrysler Group LLC, No. 11-CV-11886, 2012 WL 553722, at *8 (E.D.Mich. Feb. 21, 2012).

<u>Defendants Object to the Magistrate's Determination that Defendant should provide e-mail and telephone numbers to Plaintiff's</u>

In addition to the objections previously stated herein with respect the adequacy of mailing of notices, Defendants submit that disclosure email and phone numbers are violative of the

privacy of current and former employees and Plaintiff has failed to demonstrate why this information is necessary.

For the above reasons, Defendants respectfully request the Court to reject the Report's and Recommendation which recommends the granting of Plaintiff's motion.

Dated: January 20,2002

Nesconset, New York

Respectfully submitted,

ALAN H. KRYSTAL, P.C.

/s/ Alan H. Krystal

By:

Alan H. Krystal, Esq.

Attorneys for Defendants

195 Smithtown Blvd- Suite 101

Nesconset, New York 11767

T. (631) 780-6555

F. (631) 266-3340

E.   alan@alankrystallaw.com

19

CERTIFICATE OF SERVICE

I, Alan H. Krystal , Esquire hereby certifies that on this date, January 20, 2022 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Borrelli & Associates, P.L.L.C.

Michael R. Minkoff mrm@employmentlawyernewyork.com

Michael J. Borelli mjb@employmentlawyernewyork.com

Alexander T. Coleman atc@employmentlawyernewyork.com

Caitlin Duffy cd@employmentlawyernewyork.com

By:_____

Alan H. Krystal, Esq.